UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED RIZVI, ) | |
| ) | |
| Plaintiff, ) | Case: 1:22-cv-00289 |
| ) | |
| v. ) | Judge: |
| ) | |
| J.S. HELD, LLC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

**COMPLAINT FOR RELIEF**

Plaintiff, Syed Rizvi ("Plaintiff") in support of his Complaint against J.S. Held LLC ("Defendant" or "JSH"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), to correct unlawful employment practices on the basis of race, color, national origin, and religion, and to provide appropriate relief to Mr. Rizvi who was adversely impacted by such practices.

2. Plaintiff identifies as an Asian-Indian (race and color) who is an immigrant from India (national origin) that practices Islam (religion).

3. Defendant discriminated against Plaintiff based on his race, color, national origin, and religion.

4. Defendant subjected Plaintiff to different terms and conditions of employment than others not in his protected class.

5. Further, Plaintiff was retaliated against and was unlawfully terminated in response to him asserting his rights to be free from harassment in the workplace and for making complaints about workplace harassment to Defendant's Human Resource Department.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

7. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## THE PARTIES

8. Plaintiff worked for Defendant as a salaried employee between approximately March 5, 2018 and June 6, 2021.

9. Defendant operates a multi-disciplinary consulting firm in this judicial district.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC (attached

hereto as Exhibit A), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

13. Since at least December 2, 2020 through June 2, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of his race, color, national origin, and religion, violating Section 1981 and Title VII.

14. Plaintiff identifies as an Asian-Indian (race) who is an immigrant from India (national origin) that practices Islam (religion) whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Plaintiff is a member of multiple protected classes because of his national origin of India, skin color, race (Asian-Indian), and religion (Islamic).

16. Mr. Rizvi consistently met JSH's legitimate job expectations.

17. Mr. Rizvi suffered multiple adverse employment actions including, but not limited to, being terminated.

18. William Zoeller, one of Plaintiff's supervisors, targeted Plaintiff based on his protected classes and provided negative performance reviews and overly scrutinized Plaintiff's work when similarly situated employees of different race, color, or religion would be treated more favorably even though their performance was weaker.

19. Mr. Zoeller subjected Plaintiff to a hostile work environment based on his protected classes.

20. Mr. Zoeller treated Plaintiff's Caucasian co-workers of the same position more favorably by being more lenient with terms and conditions of their employment such as, but not

limited to, relaxed attendance polices.

21. Also, Plaintiff's Caucasian co-workers of the same position received compensation bonuses.

22. Plaintiff lodged a complaint about William Zoeller's discrimination and harassment to Defendant's Human Resource Department in January 2021.

23. Plaintiff's discrimination complaints were ignored and not taken seriously by Human Resources.

24. The Defendant's Human Resource Department carried out an investigation with a biased approach to shield William Zoeller from any culpability of how he treated Plaintiff differently than Caucasian employees.

25. Plaintiff even had to request Defendant's Human Resource Manager to revisit the findings of their initial investigation in an attempt to have a legitimate investigation conducted.

26. Defendant's Human Resource Department did not conduct their investigation properly despite clear information to the contrary.

27. After the investigation the discrimination not only continued but Plaintiff was then retaliated against based on his protected activity and he was terminated through a series of actions by Mr. Zoeller and others.

**COUNT I**
**Demand for Relief for Race-Based, Color-Based, and National Origin-Based Discrimination in Violation of 42 U.S.C. Section 1981**

28. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

29. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts,

4

regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

30. Defendant's conduct against Plaintiff's race, color, and/or national origin amounts to a pattern or practice of systemic race, color, and national origin discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

31. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

32. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

33. Plaintiff demands this count be tried by a jury.

### COUNT II
### Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, Asian-Indian, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

37. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

38. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

39. Plaintiff demands that this count be tried by a jury.

### COUNT III
**Demand for Relief for Color-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

40. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

43. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

44. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

45. Plaintiff demands that this count be tried by a jury.

### COUNT IV
**Demand for Relief for National Origin-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

46. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his national origin (India), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

49. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

50. By reason of Defendant's discrimination, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

51. Plaintiff demands that this count be tried by a jury.

## COUNT V
**Demand for Relief for Religion-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

52. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his religion (Islam), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

55. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

56. By reason of Defendant's discrimination, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

57. Plaintiff demands that this count be tried by a jury.

## COUNT VI
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

58. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on him reporting the race-based discrimination and slurs, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

60. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

61. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

62. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

63. Plaintiff demands that this count be tried by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in his favor and against Defendant as follows:

A. Declare Defendant's conduct unlawful in violation of 42 U.S.C. Section 1981;

B. Declare Defendant's conduct unlawful in violation of Title VII;

C. Award Plaintiff the value of all compensation and benefits lost as a result of

Defendant's unlawful conduct pursuant to 42 U.S.C. § 2000e-5 or 42 U.S.C 1981a;

D. Award Plaintiff any and all applicable compensatory and punitive damages pursuant to 42 U.S.C. § 2000e-5 or 42 U.S.C 1981a;

E. Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5;

F. Award pre-judgment interest if applicable; and

G. Award Plaintiff any and all other such relief as the Court deems just and proper.

Dated January 18, 2022                    Respectfully submitted,

s/Nathan C. Volheim
**Nathan C. Volheim, Esq.**
ARDC No. 6302103
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com